# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CARMEN HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV955 FRB |
| | ) | |
| JON E. FUHRER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Carmen Hill for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either

law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

A court may determine that an action or allegation is "malicious" by referring to objective factors such as the circumstances and history surrounding the filing, the tone of the allegations, and whether probative facts vital to the life of the lawsuit have been alleged. Spencer v. Rhodes, 656 F. Supp. 458, 463 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Id. At 461-63. When determining whether an action is malicious, the Court need not look only to the complaint before it, but may also look to plaintiff's prior litigious conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996). An action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits. See In re Tyler, 839 F.2d 1290, 1293 (8th Cir. 1988).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff,

unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. §§ 1981 -1986 for alleged conspiracy to deprive plaintiff of her real property. Named as defendants are John Garvey (Judge, Circuit Court for the City of St. Louis), Patricia Cohen (Judge, Missouri Court of Appeals), Jay Nixon (Missouri Attorney General), the Missouri Bar Plan, John Davidson, Kramer & Frank, P.C., Brad Pierce, Jon E. Fuhrer, and Jon E. Fuhrer Co. Plaintiff seeks monetary relief, declaratory relief, and an order from this Court overturning a state court judgment.

Plaintiff and her LLC, House on the Hill, executed several promissory notes to Jon E. Fuhrer Co. to finance the rehabilitation of several houses. The notes were secured by plaintiff's real property. Plaintiff alleges that in December 2006 she requested that the Missouri Attorney General's Office, Consumer Protection Division investigate Jon E. Fuhrer Co. investigate the terms of the loans because she believed that the collateral was excessive. On March 2, 2007, the Consumer Protection Division notified plaintiff that the investigation did not fall within the scope of matters investigated by the Division. Plaintiff also attempted to hire a law firm, Weiss & Associates, P.C., to file a lawsuit against Jon E. Fuhrer Co. for extortion,

breach of contract, excessive renewal fees, and work stoppage. Weiss & Associates chose not to represent plaintiff or file the lawsuit.

On March 1, 2007, Jon E. Fuhrer Co. filed a six-count complaint against plaintiff and her LLC alleging that they had defaulted on the promissory notes; the suit sought to recover the unpaid debt. Plaintiff filed a lawsuit against Jon E. Fuhrer Co. on March 13, 2007, alleging unlawful usury. Defendant Garvey presided over both cases.

Plaintiff attempted to hire an attorney, defendant Davidson, to represent her in her case against Jon E. Fuhrer Co. Davidson advised plaintiff that she did not have a cause of action for usury because under Mo. Rev. Stat. § 408.035 a lender and borrower can lawfully agree to any rate of interest. Davidson advised plaintiff that she had made bad business decisions regarding her properties and that she should be prepared to sell her properties to Jon E. Fuhrer Co. for what she could get him to pay and release. Davidson finally advised plaintiff that her case did not have the value that she thought it did and that if she continued to insist that the case had value, he would ask the court for leave to withdraw from the case. Plaintiff responded to Davidson in a letter that she did have a claim for usury; Davidson withdrew from the case.

Plaintiff claims that she knew that she had a claim for usury because "it was Jehova God who told [plaintiff] through his word in Nehemia 5:9-13 that the loans violated the usury laws of his land." Plaintiff claims that because of her knowledge of the verses in Nehemia, she knew that Davidson must have conspired with Judge Garvey and Jon E. Fuhrer Co. to deprive her of her real estate.

After Davidson withdrew from the case, plaintiff was ordered to retain new counsel to represent her LLC. Plaintiff hired attorney Jonathan Beck, and Beck filed an amended counterclaim against Jon E. Fuhrer Co. On September 25, 2007, Beck moved to withdraw as plaintiff's attorney because plaintiff "failed substantially to fulfill her obligations to her attorneys regarding their attorney's services . . ."

On October 9, 2007, Judge Garvey dismissed plaintiff's claims against Jon E. Fuhrer Co. During this time, plaintiff expressed to the court her desire to represent her LLC in court. The court allegedly refused her request because LLC's must be represented by licensed counsel in Missouri state courts.[1] On December 11, 2007, Judge Garvey granted Jon E. Fuhrer Co.'s motion for summary judgment and entered judgment against plaintiff in the amount of $133,500.00 plus fees and costs.

---

[1] Plaintiff attempted to bring an action in this Court on behalf of her former LLC. Hill v. Eighteen Investments, 4:08CV383 TIA (E.D. Mo.). The Court dismissed the action because LLCs must be represented by licensed counsel to appear in federal court. 28 U.S.C. § 1654; Carr Enterprises, Inc. v. United States, 698 F.2d 952, 953 (8th Cir. 1983).

On March 16, 2007, Jon E. Fuhrer Co. executed a deed in lieu of foreclosure, placing the property in Jon E. Fuhrer Co.'s name. On September 13, 2007, Jon E. Fuhrer Co. sold the property in a public auction.

Plaintiff attempted to appeal the trial court's decision on behalf of herself and her LLC pro se. The Missouri Court of Appeals ordered plaintiff to have an attorney enter his or her appearance in the case and to show cause why the notice of appeal should not have been stricken as void. Plaintiff failed to do so, insisting that she had the authority to represent her LLC in court. The appellate court then dismissed the appeal as to the LLC. The appellate court's order was signed by defendant Cohen. Plaintiff believes that Judge Cohen "violated several of her constitutional and biblical rights" because Cohen did not allow her to represent her LLC in court. Plaintiff says that she then felt compelled to dismiss her appeal because she did not want to pursue it piecemeal.

**Plaintiff's Prior Litigious Conduct**

Plaintiff began filing lawsuits based on the foreclosures of several of her properties on March 10, 2008. Since then she has filed eight lawsuits. Five of those lawsuits have so far been dismissed as frivolous or for lack of subject matter jurisdiction. On April 22, 2008, Judge Sippel dismissed the case mentioned above in which plaintiff attempted to bring suit on behalf of her LLC. On June 12, 2008,

plaintiff filed a lawsuit against Judge Sippel, claiming that he had violated her civil rights by dismissing the case. The case against Judge Sippel was dismissed on July 28, 2008, under 28 U.S.C. § 1915(e). Hill v. Nixon, 4:08CV855 UNA (E.D. Mo.). Plaintiff brought another case on June 12, 2008, in which she named another state judge, Judge Michael Mullen, as defendant. Hill v. Mullen, 4:08CV856 CDP (E.D. Mo.). Judge Mullen had presided over a case in which plaintiff was sued for unlawful detainer of a property that had been foreclosed on by a creditor, and plaintiff alleged, in a conclusory fashion, that Mullen had conspired with her creditors to deprive her of her constitutional rights. This Court dismissed that action as frivolous.

## Discussion

Plaintiff's litigious conduct in this Court has become "a longstanding pattern of abusive and repetitious lawsuits." In re Tyler, 839 F.2d at 1293. Plaintiff refuses to abide by the terms of the contracts she enters into with creditors, and she refuses to abide by the decisions of the courts with respect to those contracts. Each time she loses a case she files a frivolous and malicious lawsuit against the judge who presided over the case.

This case is no different. Plaintiff was sued in state court and lost. So plaintiff is attempting to sue the state court judge and every other actor involved in the state court case for conspiracy to violate her civil rights. Plaintiff's allegations relating to

a conspiracy, however, are plainly delusional. Denton v. Hernandez, 504 U.S. at 32-33 (1992). Additionally, plaintiff's allegations of conspiracy are conclusory and are insufficient to state a claim for relief. See White v. Walsh, 649 F.2d 560, 561 (8th Cir. 1981) (facts alleged with respect to conspiracy must be specific). And all of plaintiff's allegations with respect to the Missouri courts are based on her inaccurate reading of the law. As a result, this action is both factually and legally frivolous.

The circumstances and history surrounding the filing of this case, along with plaintiff's prior litigious conduct in this Court, demonstrate that this action is malicious under 28 U.S.C. § 1915(e). As a result, the Court will dismiss this action with prejudice.

Finally, the Court notes that it "is vested with discretion to impose sanctions upon a party under its inherent disciplinary power." Bass v. General Motors Corp., 150 F.3d 842, 851 (8th Cir. 1998). "[J]udicial resources are limited in the short run and need to be protected from wasteful consumption. Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims." Tyler, 839 F.2d at 1292 (citations omitted). "The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. These restrictions may be directed to

provide limitations or conditions on the filing of future suits." Id. (citations omitted). Plaintiff is warned that if she continues to abuse the judicial process, the Court may impose sanctions limiting her ability to file future lawsuits.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is frivolous and malicious.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 25th day of August, 2008.

_____
UNITED STATES DISTRICT JUDGE